J. M. JONES AND A. E. HOLTON, Executors of L. W. Jones, v. W. E. BENBOW et al.

(Decided April 5, 1898.)

*Action on Note—Presumption as to Payment—Evidence —Exceptions.*

1. Where plaintiffs' testator, J, held notes payable to B as collateral security for B's note to J, and one of the notes was paid by the maker to B while J still held it as collateral, the fact that J afterwards surrendered it to B does not raise the presumption that B had paid the amount of such note to be applied on his note to J.

2. Where on the trial of an action on a note it appeared that plaintiffs' testator held notes of W, payable to B as collateral for the note in suit, and W testified that decedent told him he held notes of $500 against him, which defendant had deposited with him, the decedent, to which witness had replied that he owed $400 on the notes, as he had paid $100 to the defendant, and he further testified that the $100 had afterwards been paid to decedent; *Held*, that the evidence of W was not such as should have been submitted to the jury as proof of payment on the note, since it barely amounted to even conjecture of payment.

3. Where there is no exception to a judgment at the time of its rendition, it will not be considered on appeal.

CIVIL ACTION tried before *Coble, J.*, and a jury at Fall Term, 1897, of YADKIN Superior Court. There was a verdict for the defendant, and from the judgment thereon plaintiff appealed. The facts are sufficiently stated in the opinion.

*Messrs. Holton & Alexander* and *D. M. Reece* for plaintiffs (appellants).
*Mr. T. C. Phillips* for appellee.

MONTGOMERY, J.: The defendant, Benbow, at the time he borrowed from the plaintiff's intestate $950, and gave his note for the same, placed in the intestate's hands certain notes of $250, each executed by Wall to the defendant as collateral security for the $950 note. One of the collateral notes was delivered to the defendant by the intestate, and the defendant collected the same. In the present action for the recovery of the amount due on the $950 note, the defendant in his answer sets up a credit of $324 in addition to the credits which appear on the notes, and also that a third note of Wall for $250 was deposited with the intestate as collateral security in addition to the two set out in the complaint. Two issues were submitted to the jury: 1. Is the defendant, W. E. Benbow, entitled to the credit of $324, set up in the answer? 2. Is the defendant, W. E. Benbow, entitled to a credit for the third Wall note of $250 and interest?

On the trial, Wall was introduced as a witness by the defendant, and testified that he paid the defendant one of the $250 notes, dated January, 1889; that when the witness paid the note to the defendant the note was not delivered to him, but that in about a month afterwards the defendant handed it to him; that the witness paid other monies, and all the interest on his three notes, to

the defendant while the notes were in possession of the plaintiff; that one day, while he was at work in his field, the intestate of the plaintiff came along, and said he had notes of the value of $500 against the witness, which the defendant had let him have; that the witness answered that he owed him $400 on the notes, but the intestate replied, "You owe $500," and witness said, "I have paid the defendant $100." The witness further testified that the intestate afterwards got this $100 and entered it as a credit on the note. This, in our opinion, is not such evidence as ought to have been submitted to the jury to prove payment on the note. It may have amounted to a conjecture of such payment, but barely that.

The defendant's counsel insisted here that, as the Wall note of $250 had been delivered to the defendant while the plaintiff held it as a collateral security for the $950 note, the law would presume a payment *pro tanto* on the $950 to arise on such surrender of the Wall note. We do not think so. The presumption would be more reasonable, nothing appearing either way, that some other security had been substituted by the debtor in the place of the Wall note; or, if the debtor himself was entirely responsible and solvent, that the creditor had as a matter of favor given up a security that was useless to him and might be of service to the debtor. The evidence of Whittington and Reece, taken in its most favorable light for the defendant, does not amount to a scintilla, even to show a payment on the $950 note, on account of the payment of the Reece notes, which were executed by Reece to the defendant, and averred by the defendant to have been in the hands of the intestate as collateral security in addition to the Wall notes, as by the uncontradicted testimony the Reece notes were paid

to the defendant, not in *money* but in *land*. As there was no exception to that part of the judgment embraced in the second issue, the same will not be disturbed. A new trial for the error pointed out is ordered on the first issue.

New trial.

DOUGLAS, J., dissents.